**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4705**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEWAYNE LAMONT RICHMOND,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   Catherine C. Eagles, District Judge.  (1:13-cr-00055-CCE-1)

Submitted: February 27, 2014          Decided:  March 4, 2014

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dewayne Lamont Richmond pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). He now appeals the resulting 115-month sentence, arguing a four-level enhancement for possessing a firearm in connection with another felony offense, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2012), was unconstitutionally applied because it was not charged in the indictment. Richmond has filed a pro se supplemental brief raising the same issue. The Government declined to file a responsive brief. We affirm.

In the district court, Richmond challenged the application of the sentencing enhancement, arguing the facts did not support the enhancement. On appeal, however, Richmond argues that the application of the enhancement violated his Sixth Amendment right to a trial by jury, as articulated in Alleyne v. United States, 133 S. Ct. 2151 (2013). Because Richmond objected to the application of the enhancement at sentencing only on the ground that the factual foundation was lacking, not that the enhancement violated his constitutional rights, our review is for plain error. Under the plain error standard, a defendant "must establish that the district court erred, that the error was plain, and that it affected his substantial rights." United States v. Robinson, 627 F.3d 941,

2

954 (4th Cir. 2010) (internal quotation marks and alterations omitted) (citing United States v. Olano, 507 U.S. 725, 734 (1993)). And even if a defendant meets this heavy burden, an appellate court has "discretion whether to recognize the error, and should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010) (internal quotation marks omitted).

Here, the district court did not commit error—much less plain error—and we therefore affirm its application of the sentencing enhancement. In Alleyne, the Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element that must be charged in the indictment and proved beyond a reasonable doubt. 133 S. Ct. 2151, 2155, 2162–63 (2013). The Court cautioned that its holding did not disturb judicial factfinding at sentencing for facts that do not impact the statutory punishment. Id. at 2163. The sentencing enhancement Richmond challenges affects only the advisory Guidelines calculations and not the statutory mandatory minimum punishment. See USSG § 2K2.1(b)(6)(B) (2012). Therefore, the district court did not err in applying the enhancement.

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no

3

meritorious issues for appeal. We therefore affirm the judgment. This court requires that counsel inform Richmond, in writing, of the right to petition the Supreme Court of the United States for further review. If Richmond requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Richmond. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>AFFIRMED</u>